IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:21-cr-00173-SAL |
|---|---|---|
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 2251(a), (e) |
| | ) | 18 U.S.C. § 2422(b) |
| vs. | ) | 18 U.S.C. § 2252(a)(4)(B) |
| | ) | 18 U.S.C. § 1591(a)(1), (b)(1), (b)(2), (c). |
| | ) | 18 U.S.C. § 1594(c) |
| | ) | 18 U.S.C. § 1594(d)(1) |
| | ) | 18 U.S.C. § 1594(d)(2) |
| | ) | 18 U.S.C. § 2253 |
| | ) | 18 U.S.C. § 2428 |
| **HART WILLIAM GROW,** | ) | 28 U.S.C. § 2461(c) |
| **THEODORE WOOLINGS BYE, III,** | ) | |
| **SANADIN MOHAMED ELRAYES, and** | ) | **SUPERSEDING INDICTMENT** |
| **CHARLES JOSEPH SPILLANE** | ) | **(Sealed)** |

## COUNT 1
*(Conspiracy to Sex Traffic a Minor and by Force, Fraud, and Coercion)*

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

THE CONSPIRACY

**RECEIVED**

**JUN 23 2021**

**FLORENCE, S.C.**

1. That beginning at a date unknown to the grand jury, but from at least April 2020, up to and including the date of this Indictment, within the District of South Carolina and elsewhere, **DEFENDANT HART WILLIAM GROW ("GROW")** and **THEODORE WOOLINGS BYE, III ("BYE")** (collectively, "**DEFENDANTS**"), together with others known and unknown to the grand jury, did knowingly conspire and agree, in and affecting interstate and foreign commerce, to recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit by any means,

one or more persons, to wit: Minor Victim 1, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe the person, that Minor Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act; and knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means would be used to cause Minor Victim 1 to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1594(c) and 1591(a)(1), (b)(1), (b)(2), and (c).

## MANNER AND MEANS OF CONSPIRACY

2. It was part of the conspiracy that the **DEFENDANTS** would do and cause to be done the following:

   a. **DEFENDANT GROW** did misrepresent to various minors across the country, including within the District of South Carolina and elsewhere, that he was a minor female or male interested in a relationship.

   b. As was his pattern and practice with his victims, **DEFENDANT GROW**, who was aware that Minor Victim 1 was under 18 years of age, groomed Minor Victim 1. Specifically, **DEFENDANT GROW** lied to Minor Victim 1 and claimed that he was a 17-year-old female named "Hannah" living in Columbia, South Carolina. **DEFENDANT GROW** used this false persona and promises of love and affection to build a relationship with Minor Victim 1 which, through **DEFENDANT GROW**'s fraud and deception, caused Minor Victim 1 to fall in love with "Hannah."

   c. **DEFENDANT GROW,** posing as "Hannah," discussed with Minor Victim 1 the idea of entering into a sexual dominant/submissive relationship, wherein

one party is the sexual dominant ("dom") and has absolute power and control over the other party, the submissive ("sub"). **DEFENDANT GROW** also discussed bondage/discipline, domination/submission, and sadism/masochism ("BDSM").

d. Once **DEFENDANT GROW** obtained Minor Victim 1's trust through his false persona and promises of love and affection, **DEFENDANT GROW** abused his position of trust by requesting that Minor Victim 1 engage in a BDSM relationship with him, wherein Minor Victim 1 would be required to be submissive to **DEFENDANT GROW's** false persona, "Hannah."

e. **DEFENDANT GROW** threatened to terminate the relationship if Minor Victim 1 did not obey his BDSM rules. **DEFENDANT GROW**, who had obtained from Minor Victim 1 her home address and who knew Minor Victim 1 believed "Hannah" lived in nearby Columbia, sent Minor Victim 1 harassing messages when Minor Victim 1 did not comply with demands from "Hannah."

f. The BDSM rules included requiring that Minor Victim 1 engage in often-violent sexual acts with adult men Minor Victim 1 did not otherwise wish to engage with.

g. After using this fraud to coerce Minor Victim 1's acquiescence, **DEFENDANT GROW** used internet message boards and social media to make Minor Victim 1 available to adult males for sexual encounters in exchange for visual depictions of those sexual encounters.

h. **DEFENDANT GROW** specifically required that these adult males agree to produce, or assist in the production of, a visual depiction of the often-violent

sexual acts; and he required these visual depictions be sent to him in exchange for making Minor Victim 1 available for sexual encounters.

i. One such adult male was **DEFENDANT BYE**.

j. After **DEFENDANT BYE's** initial commercial sex act with Minor Victim 1, **DEFENDANT BYE**, with direction and logistical assistance from **DEFENDANT GROW**, assisted in making Minor Victim 1 available for sex on numerous occasions.

k. **DEFENDANT GROW** and **DEFENDANT BYE** would and did use vehicles, public highways, hotels, telephones, and the internet to facilitate the commercial sex acts.

l. **DEFENDANT BYE**, who became aware that Minor Victim 1 was under 18 years of age during the course of the conspiracy and who was aware that Minor Victim 1 was engaging in these sexual encounters as part of **DEFENDANT GROW's** BDSM requirements, personally transported Minor Victim 1 to various locations in and around Myrtle Beach, South Carolina, for the purposes of engaging in the above-described commercial sex acts.

m. During the course of the conspiracy, **DEFENDANT BYE** would remind Minor Victim 1 about her obligations to "Hannah," and would often ensure Minor Victim 1 was following **DEFENDANT GROW's** BDSM requirements.

n. **DEFENDANT BYE** used internet message boards, social media, or text messages to make Minor Victim 1 available to adult males for sexual encounters. He also ensured that the adult males understood that Minor Victim 1 would only be available for sexual encounters in exchange for the adult males

agreeing to produce, or agreeing to assist in the production of, a visual depiction of the often-violent sexual acts to be sent to **DEFENDANT GROW.**

    o. **DEFENDANT BYE** participated in these sexual acts and helped ensure the visual depictions were sent to **DEFENDANT GROW**.

All in violation of Title 18, United States Code, Section 1594(c).

## COUNT 2
*(Sex Trafficking of a Juvenile (Minor Victim 1) by Force, Fraud and Coercion)*

**THE GRAND JURY FURTHER CHARGES:**

3. Paragraphs 1 and 2 of Count 1 of this Indictment are incorporated herein by reference.

4. That beginning at a date unknown to the grand jury, but from at least April 2020, up to and including the date of this Indictment, within the District of South Carolina and elsewhere **DEFENDANT HART WILLIAM GROW ("GROW") and THEODORE WOOLINGS BYE, III ("BYE"),** as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, a juvenile female, Minor Victim 1, knowing that force, fraud, and coercion, and any combination of such means, would be used to cause Minor Victim 1 to engage in commercial sex acts, and with the knowledge of and in reckless disregard of the fact that Minor Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act. This offense was committed during and in furtherance of the Conspiracy charged in Count 1.

All in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), (b)(2), (c), and 2.

## COUNT 3
*(Conspiracy to Coerce a Minor and Produce Child Pornography)*

**THE GRAND JURY FURTHER CHARGES:**

At all times material to this Indictment:

5. Paragraphs 1 through 4 of this Indictment are incorporated herein by reference.

### THE CONSPIRACY

6. Beginning on a date unknown to the grand jury but beginning at least in or around April 2020 and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the **DEFENDANTS GROW, BYE, SANADIN MOHAMED ELRAYES ("ELRAYES"), and CHARLES JOSEPH SPILLANE ("SPILLANE")** (collectively, "**DEFENDANTS**") knowingly and willfully did combine, conspire, confederate, and agree together, with other persons both known and unknown to the grand jury grand jury, to:

   a. knowingly persuade, induce, entice, and coerce a minor to engage in a sexual activity for which any person could be charged with a criminal offense, including the production of child pornography under 18 U.S.C. § 2251(a), a violation of 18 U.S.C. § 2422(b); and

   b. use a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, a violation of 18 U.S.C. § 2251(a).

### MANNER AND MEANS OF THE CONSPIRACY

7. It was part of the conspiracy that the **DEFENDANTS** would do and cause to be done the following:

   a. At the request of **DEFENDANT GROW**, **DEFENDANT BYE** would arrange sexually explicit encounters between Minor Victim 1 and adult males for the purposes of creating a visual depiction of those encounters and sending those

visual depictions via smartphone and computer to **DEFENDANT GROW**.

b. **DEFENDANT BYE** communicated via social media and text messages with **DEFENDANT ELRAYES** and **DEFENDANT SPILLANE**, whereby **DEFENDANT ELRAYES** and **DEFENDANT SPILLANE** specifically agreed to assist and did assist **DEFENDANT BYE** in producing a visual depiction of sexually explicit conduct with Minor Victim 1.

<u>OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY</u>

8. In furtherance of the conspiracy and to accomplish the objects of the conspiracy, **DEFENDANTS**, with others known and unknown to the grand jury, committed overt acts within the District of South Carolina, and elsewhere, including but not limited to the following:

a. On or about June 2, 2020, **DEFENDANT BYE**, acting in concert with **DEFENDANT GROW**, communicated with **DEFENDANT ELRAYES** to arrange a sexual encounter for Minor Victim 1 for the purpose of recording a visual depiction of that sexual encounter.

b. On or about June 4, 2020, **DEFENDANT BYE** transported Minor Victim 1 to a hotel in Surfside Beach, South Carolina, for the purpose of recording a visual depiction of Minor Victim 1 engaging in sexual intercourse and sexually explicit conduct with **DEFENDANT BYE** and **DEFENDANT ELRAYES.**

c. In arranging this June 4, 2020, encounter, **DEFENDANT BYE** and the **DEFENDANT ELRAYES** corresponded via text message wherein **DEFENDANT BYE** set forth that he will run any ideas by "her dom." "Her dom" as referenced in the text message is **DEFENDANT GROW**.

d. The June 4, 2020 encounter was recorded by **DEFENDANT BYE** and others

for the purposes of sending a visual depiction to **DEFENDANT GROW**. **DEFENDANT ELRAYES** was aware that the purpose of the sexual encounter was to create a visual depiction to be sent to **DEFENDANT GROW**. In fact, visual depictions were sent to **DEFENDANT GROW** throughout the encounter.

e. On or about August 17, 2020, and other dates both known and unknown to the grand jury, **DEFENDANT GROW** communicated with Minor Victim 1 and directed that when "Tripp" (a/k/a **DEFENDANT BYE)** came over she "had to make him content."

f. On or about August 25, 2020, **DEFENDANT BYE** transported Minor Victim 1 to a home in Myrtle Beach, South Carolina, for the purpose of recording a visual depiction of Minor Victim 1 engaging in sexual intercourse and sexually explicit conduct with **DEFENDANT BYE** and **DEFENDANT SPILLANE.**

g. The August 25, 2020 encounter was recorded by **DEFENDANT BYE** and others for the purposes of sending a visual depiction to **DEFENDANT GROW**. **DEFENDANT SPILLANE** was aware that the purpose of the sexual encounter was to create a visual depiction to be sent to **DEFENDANT GROW**.

h. On or about August 25, 2020, **DEFENDANT GROW** exchanged more than 49 messages via Snapchat with Minor Victim 1.

All in violation of Title 18, United States Code, Section 371.

## COUNT 4
*(Coercion and Enticement of a Minor)*

**THE GRAND JURY FURTHER CHARGES:**

7. On or about June 4, 2020, within the District of South Carolina, **DEFENDANT GROW** and **DEFENDANT BYE**, as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, did unlawfully and knowingly use any facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual, Minor Victim 1, a minor who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, including but not limited to 18 U.S.C. 2251(a).

All in violation of Title 18, United States Code, Sections 2422(b) and 2.

## COUNT 5
*(Coercion and Enticement of a Minor)*

**THE GRAND JURY FURTHER CHARGES:**

8. On or about August 25, 2020, within the District of South Carolina, **DEFENDANT GROW** and **DEFENDANT BYE**, as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, did unlawfully and knowingly use any facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual, Minor Victim 1, a minor who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, including but not limited to 18 U.S.C. 2251(a).

All in violation of Title 18, United States Code, Sections 2422(b) and 2.

## COUNT 6
*(Production of Child Pornography)*

**THE GRAND JURY FURTHER CHARGES:**

9. On or about June 4, 2020, within the District of South Carolina, **DEFENDANT GROW** and **DEFENDANT BYE**, as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely Minor Victim 1, to engage in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)) for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported in interstate commerce; which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce; and which visual depiction was transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 2251(a), (e), and 2.

## COUNT 7
*(Production of Child Pornography)*

**THE GRAND JURY FURTHER CHARGES:**

10. On or about August 25, 2020, within the District of South Carolina, **DEFENDANT GROW** and **DEFENDANT BYE**, as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely Minor Victim 1, to engage in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)) for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported in interstate commerce; which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce; and which visual depiction was transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 2251(a), (e), and 2.

## COUNT 8
*(Coercion and Enticement of a Minor)*

**THE GRAND JURY FURTHER CHARGES:**

11. On or about February 4, 2021, within the District of South Carolina, **DEFENDANT GROW** did unlawfully and knowingly use any facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual, Minor Victim 2, a minor who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, including but not limited to 18 U.S.C. 2251(a).

All in violation of Title 18, United States Code, Sections 2422(b).

## COUNT 9
*(Coercion and Enticement of a Minor)*

**THE GRAND JURY FURTHER CHARGES:**

12. On or about March 8, 2021, within the District of South Carolina, **DEFENDANT GROW** did unlawfully and knowingly use any facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual, Minor Victim 2, a minor who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, including but not limited to 18 U.S.C. 2251(a).

All in violation of Title 18, United States Code, Sections 2422(b).

## COUNT 10
*(Production of Child Pornography)*

**THE GRAND JURY FURTHER CHARGES:**

13. On or about February 4, 2021, within the District of South Carolina, **DEFENDANT GROW** did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely Minor Victim 2, to engage in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)) for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported in interstate commerce; which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce; and which visual depiction was transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 2251(a), (e).

## COUNT 11
*(Production of Child Pornography)*

**THE GRAND JURY FURTHER CHARGES:**

14. On or about March 8, 2021, within the District of South Carolina, **DEFENDANT GROW** did knowingly employ, use, persuade, induce, entice, and coerce a minor, namely Minor Victim 2, to engage in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)) for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported in interstate commerce; which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce; and which visual depiction was transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 2251(a), (e).

## COUNT 12
*(Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct)*

**THE GRAND JURY FURTHER CHARGES:**

15. Beginning in or about April 2020 to September 2020, within the District of South Carolina, the **DEFENDANT BYE** did unlawfully and knowingly possess at least one matter containing one or more visual depictions of Minor Victim 1, a minor who **DEFENDANT BYE** knew had not attained the age of 18 years, engaging in sexually explicit conduct and the production of the visual depiction was of the sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)). Further, the visual depictions, to include videos and photographs, were transported using any means and facility of interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B).

## COUNT 13
*(Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct)*

**THE GRAND JURY FURTHER CHARGES:**

16. Beginning in or about February 3, 2021, to March 9, 2021, within the District of South Carolina, the **DEFENDANT GROW** did unlawfully and knowingly possess at least one matter containing one or more visual depictions of Minor Victim 2, a minor who **DEFENDANT GROW** knew had not attained the age of 18 years, engaging in sexually explicit conduct and the production of the visual depiction was of the sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)). Further, the visual depictions, to include videos and photographs, were transported using any means and facility of interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B).

# FORFEITURE

HUMAN TRAFFICKING:

Upon conviction for violation of Title 18, United States Code, Section 1591 as charged in this Superseding Indictment, the Defendants, **THEODORE WOOLINGS BYE, III** and **HART WILLIAM GROW**, shall forfeit to the United States any property used or intended to be used, in any manner or part, to commit or facilitate the commission of the offenses, and any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained, directly or indirectly, as a result of such offenses.

CONSPIRACY/ONLINE COERCION AND ENTICEMENT OF A MINOR:

Upon conviction for violation of Title 18, United States Code, Sections 371 (conspiracy to violate 18 U.S.C. §§ 2251and 2422) and 2422, as charged in this Superseding Indictment, the Defendants, **THEODORE WOOLINGS BYE, III, HART WILLIAM GROW, SANADIN MOHAMED ELRAYES** and **CHARLES JOSEPH SPILLANE**, shall forfeit to the United States any property, real or personal, that was used or intended to be used, in any manner or part, to commit or to facilitate the commission of such offenses, and any property, real or personal, which constitutes, is traceable, or is derived from any proceeds obtained, directly or indirectly, as a result of such offenses.

PRODUCTION/POSSESION OF CHILD PORNOGRAPHY:

Upon conviction for violation of Title 18, United States Code, Sections 2251(a) and 2252(a), as charged in this Superseding Indictment, the Defendants, **THEODORE WOOLINGS BYE, III** and **HART WILLIAM GROW,** shall forfeit to the United States their interest in:

> i. any visual depiction described in section 2251, 2251A, or 2252 of chapter 110 of the United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of chapter 110 of the United States Code;

ii. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses and;

iii. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses.

PROPERTY:

The property subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1594(d)(1) and (2), 2253 and 2428, and Title 28, United States Code, Section 2461(c), includes, but is not limited to, the following:

A. Forfeiture Judgment:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Superseding Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violation of Title 18.

B. Electronic Equipment:

Seized from the residence Theodore Woolings Bye, III, pursuant to a state search warrant executed on September 16, 2020:

-Samsung Galaxy Note 5 – IMEI: 990007020934821
-Samsung Galaxy Note 5 – IMEI: 990005884071490
-Macbook – SN: C02VN3ACHV2M
-Samsung Galaxy S5
-ASUS Tablet
-Hewlett Packard Laptop – SN: 5CD6426ZWR
-Samsung Tablet – SN: R52GA2EGX9K
-HP Laptop – SN: 5CD6446S60
-Thinkpad Laptop – Product ID: 0301DCU
-Dell Laptop – SN: 3S24S72
-Dell Laptop – SN: 4XF49 A00
-Samsung Cellphone
-Samsung Galaxy Note 3
-Samsung Galaxy Note 5
-Samsung Galaxy S7 Edge – IMEI: 352330080972149
-Miscellaneous documents and business cards
-The Massage Book
-Miscellaneous books
-Tripod
-Motorola Cellular Phone, Model XT1952-3 (seized at Bye's arrest)

Seized from the residence of Hart William Grow pursuant to federal search warrant executed on March 17, 2021:

-iPhone
-Yi Smart Dash Camera
-8GB Lexar Thumb Drive
-8GB Lexar Thumb Drive
-HP Envy Laptop – S/N 8CG6110VXH
-Samsung Tablet
-MicroSD USB
-Ryzen CPU Tower
-HP Tower
-Notebook with passwords
-Dell Laptop – S/N BNYY062
-Dell Inspiron Laptop

-iPhone (red)
-Notebook with usernames
-Apple watch

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1) to seek forfeiture of any other property of the Defendants up to an amount equivalent to the value of the above-described forfeitable property.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1594(d)(1) and (2), 2253 and 2428, and Title 28, United States Code, Section 2461(c).

A **TRUE** BILL

███████████

FOREPERSON

_____
M. RHETT DEHART (DAS/AFB)
ACTING UNITED STATES ATTORNEY